UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: **06-60389-CIV-MARTINEZ/BANDSTRA**
05CR 60173 JEM/TEB ✓

CEBATIEN DIERSTIL,
    Petitioner,

vs.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Ted E. Bandstra, Chief United States Magistrate Judge for a Report and Recommendation on Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (**D.E. No. 1**). The Magistrate Judge filed a Report and Recommendation (**D.E. No. 9**). After reviewing the entire file and record and after making a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, the Court will affirm the Magistrate's Report and Recommendation for the Reasons stated herein.

On June 30, 2005 a federal grand jury returned a four-count indictment against Petitioner Cebatien Dierestil ("Petitioner" or "Dierestil") and codefendants Dumerci Fleurinord ("Fleurinord") and Carol Chevelon ("Chevelon"). Dierestil was specifically indicted in Count 3 for failing to report outbound currency in violation of 31 U.S.C. 5316(a)(1)(A) and 31 C.F.R. 103.23. These charges arose from incidents occurring on December 23, 2003 and January 29, 2004 at the Ft. Lauderdale International Airport. On December 23, 2003 Transportation Security Administration ("TSA") screeners stopped Fleurinord at a security checkpoint for inspection as he prepared to depart on a flight to Haiti. Fleurinord removed a taped package from his pocket as he was going through security and the package was opened by TSA and found to contain

$15,000. Fleurinord had not completed Form 4790 declaring the currency and stated that the $15,000 belonged to Petitioner and that he was transporting it to Haiti for him. Similarly, on January 29, 2004, Custom Border Protection inspectors at the Fort Lauderdale International Airport found Chevelon in possession of $23,213 when he was going through security before departing on a flight to Haiti. Chevelon had also not filled out Form 4790 and stated that he received $19,000 of this money from Petitioner who had requested that the money be delivered to certain people in Haiti.

On August 23, 2005, Dierestil entered a plea of guilty. His codefendants elected to proceed to trial and were acquitted. On November 17, 2005 Dierestil was sentenced to a term of imprisonment for fifteen (15) months, a two-year supervised release, a $4,000 fine, and a $100 special assessment. Petitioner timely filed this section 2255 motion asking the Court to vacate his sentence due to ineffective assistance of counsel. Chief Magistrate Judge Bandstra has entered a Report and Recommendation finding no ineffective assistance of counsel and recommending that habeas relief be denied. Petitioner has filed objections to the Report and Recommendation reasserting his ineffective assistance of counsel claim.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Court established the two-prong test for ineffective assistance of counsel stating:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687. If Defendant fails to meet one of these prongs, the court need not address the other

prong as Defendant must meet both prongs in order to demonstrate ineffective assistance of counsel. *Id.* The Court agrees with Chief Magistrate Judge Bandstra's conclusion that Petitioner has not met the first prong as counsel was not constitutionally deficient.

Petitioner argues (1) that "Dierestil's counsel was ineffective in permitting Petitioner to answer an imprecise, compound question of material consequence during the plea colloquy and failing to correct the resulting, inaccurate factual predicate upon which the Court relied in determining the amount attributable to Petitioner for sentencing purposes" and (2) that "Dierestil's counsel was ineffective in failing to advance the correct objection to the management role enhancement that was incorrectly applied in Petitioner's case." In regard to Petitioner's argument that counsel should not have permitted him to answer an imprecise compound question and that counsel failed to correct an inaccurate factual predicate, Petitioner argues that while he was aware of the reporting requirements when he enlisted the participation of Chevelon, he did not know of the reporting requirements when he enlisted the participation of Fleurinord, and therefore, he should not have been held responsible for the $15,000 that Fleurinord was transporting. Petitioner argues that he was provided ineffective assistance of counsel because when he was asked about this issue at the change of plea hearing he was forced to answer a compound question without the objection of his counsel. At Petitioner's change of plea, the Court asked the Government to summarize the facts which would have been proven at trial if Dierestil had elected to go to trial, the Government recited the facts and as part of this recitation described the actions of Fleurinord on December 23, 2003 and of Chevelon on January 29, 2004. The Government also stated:

> The Government would have proven beyond a reasonable doubt that Cebatien Dierestil knew that he was required to file a report when sending $10,000 or more out of the United States, that he and Dumerci Fleurinord and Carol Chevelon—I'm sorry--that he had--Dumerci Fleurinord and Carol Chevelon to attempt [sic] to export more than $10,000 for him without filing the necessary report on December 23, 3004, and January 29, 2004, respectively.

(Tr. at 10). Immediately thereafter, the following exchange took place between the Petitioner and the Court.

> The Court:   Mr. Dierestil, you heard what the Government said they could prove if this case were to go to trial. Do you believe they could prove that if this case were to go to trial?
>
> Defendant Dierestil:   Yes.
>
> The Court:   Is it true?
>
> Defendant Dierestil:   Yes.

*Id.* The Court finds the question of the Court at issue outlined above was clear and not confusing. Petitioner did not appear confused by the question. Thus, there is no evidence of ineffective assistance of counsel.

The Court also finds Petitioner's argument that counsel was ineffective because he failed to object to the management role enhancement on the grounds that the Court did not make a finding that Fleurinord and Chevelon were criminally responsible for the commission of the offenses to be without merit. In this case, the Court enhanced Dierestil's sentence by two points because it found that Defendant acted as "an organizer, leader, manager or supervisor" in the criminal activity. *See* U.S.S.G. 3B1.1(c). A Court cannot enhance a defendant's sentence under section 3B1.1 for being a leader unless the Court believes that the defendant led or managed someone else who was criminally responsible for the offense or offenses. *See United States v.*

-4-

*Costales*, 5 F.3d 480, 484 (11th Cir. 1993). Here, although Fleurinord and Chevelon were acquitted, it is clear that they can still be deemed criminally responsible. *See United States v. Haun*, 90 F.3d 1096, 1102 (6th Cir.1996). *See also* U.S.S.G. 3B1.1, note 1. At the sentencing hearing, the Court which was the same court which presided over the trial of Dierestil's codefendants, stated that Fleurinord and Chevelon were willing participants in this illegal transportation of currency to Haiti and indicated that they were criminally responsible. The Court specifically stated:

> I mean, he [Dierestil] is the one that procured these people to do it. These people, my recollection is that both of them--there was a third one, too, that wasn't charged---that they went to his store. They were customers of his. And while they were in his store, he procured them to do this for him and for the other family members and they were willing to do it. And the jury saw fit to acquit them because the envelopes were sealed. They may not have looked at the dollar figures on the face of the envelope. I don't know why.
>
> But the bottom line is that somebody had to start this and it wasn't these poor schmoes [Fleurinord and Chevelon], and I don't mean nay disrespect to them, but they were not leaders in any sense of the word. They were doing your client a favor, from what they said.

(Tr. 8-9). The Court also later stated that the Probation Officer accurately applied the two-point manager enhancement as stated in the Presentence Investigation Report. (Tr. 10). Therefore, the Court finds Petitioner's second claim for ineffective assistance of counsel also lacks merit and will also affirm Chief Magistrate Judge Bandstra's Report and Recommendation on this point. Thus, it is hereby:

> **ADJUDGED** that the Chief United States Magistrate Judge's Report and Recommendation (D.E. No. 9) is **AFFIRMED** and **ADOPTED**. Accordingly, it is
>
> **ADJUDGED** that
>
> 1.   Petitioner's Motion Pursuant to 28 U.S.C. § 2255 is **DENIED**.

2. This Case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 day of December, 2006.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record